PEARSON, TILLMAN, Judge
(dissenting).
I feel that I must dissent because the majority opinion deals so drastically, and I think mistakenly, with the jurisdiction of county judge’s courts pertaining to probate matters. The majority does not reach the merits, but reverses upon the ground that the county judge’s court lacked jurisdiction to pierce the corporate veil in order to hold that the claim of Edward Gettinger was a claim against the Estate of Milton Gettinger, deceased.
The heirs brought a petition for rule to show cause against the appellant, Edward Gettinger. While I have grave reservations as to the procedure employed (a matter which I understand as not being presented on the appeal), it is my view that the county judge had jurisdiction of the subject matter. I would also affirm upon the merits.
The Constitution of the State of Florida grants to county judge’s courts, “ * * * jurisdiction of the settlement of the estate of decedents and minors * * * and to discharge the duties usually pertaining to courts of probate.” Fla.Const, art. 5, § 7(3), F.S.A. Under this broad grant, these courts have the power to make any order reasonably necessary in settling and' administering estates of decedents, provided always that the order does not infringe on. the jurisdiction vested in the circuit courts by organic law. In re Weiss’ Estate, Fla. 1958, 106 So.2d 411. I agree with the county judge that Edward Gettinger’s claim,, if any, was against the estate of which he was an executor. The fact that in his; attempted “settlement” he included the executors as signatories indicates that he so regarded it. I see no damage to third parties in the county judge’s declaration that as between the executor and the estate, the attempted assignment was ineffective to defeat the provisions of the Florida Probate Law.